# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 40

Interest of L.T.D., minor child

State of North Dakota,                                     Petitioner and Appellee

v.

D.D., mother,                                              Respondent and Appellant

and

L.T.D., child; L.R., father;                              Respondents

## No. 20210034

Interest of N.R.D., minor child

State of North Dakota,                                     Petitioner and Appellee

v.

D.D., mother,                                              Respondent and Appellant

and

N.R.D., child; L.H., putative father;
unknown father;                                           Respondents

## No. 20210035

Appeal from the Juvenile Court of Ward County, North Central Judicial District, the Honorable Connie S. Portscheller, Judicial Referee.

AFFIRMED.

Per Curiam.

Rozanna C. Larson, State's Attorney, Minot, N.D., for petitioner and appellee.

Katie J. Miller, Minot, N.D., for respondent and appellant.

**Interest of L.T.D. & N.R.D.**
**Nos. 20210034 & 20210035**

**Per Curiam.**

[¶1]   D.D. appeals a juvenile court order terminating her parental rights. We summarily affirm under N.D.R.App.P. 35.1(a)(4) and (7).

[¶2]   A hearing terminating D.D.'s parental rights was held in January 2021. On the date that the hearing was held, D.D. was incarcerated in the Ward County Jail, and arrangements had been made to bring her over to the courthouse to personally appear. D.D. reported that she was not feeling well, and arrangements were made for her to appear by telephone. D.D. insisted that she wanted to go back to her cell and did not participate in the hearing. D.D.'s attorney represented her at the hearing, and the court informed her attorney that arrangements would be made for D.D. to rejoin the hearing by telephone if she wished to testify. D.D.'s attorney informed the court that D.D. did not wish to testify. After explaining that the matter had been pending for thirteen months and had been continued several times before, the court proceeded with the hearing.

[¶3]   On appeal, D.D. argues that the court abused its discretion by proceeding with the hearing when she was too ill to participate by telephone and that the court should have postponed the matter. We summarily affirm under N.D.R.App.P. 35.1(a)(4) and (7); *see In re J.J.T.*, 2018 ND 165, ¶ 20, 915 N.W.2d 106 ("Parents do not have a constitutional due process right to appear at proceedings to terminate their parental rights, and their due process rights are satisfied if they are represented by counsel and have an opportunity to appear by deposition or other discovery technique.").

[¶4]   Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte